# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:13-cv-33-RJC

| | |
|---|---|
| WILLIAM ERNEST TUCKER, </br> Petitioner, </br> vs. </br> BRAD PERRITT, Superintendent, </br> Respondent. | **ORDER** |

    **THIS MATTER** comes before the Court on initial review of Petitioner William Tucker's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1), and on Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2). For the reasons that follow, the Court will deny the Motion to Proceed in Forma Pauperis, and the Court will dismiss the petition as time-barred.

    First, as for Petitioner's Motion to Proceed in Forma Pauperis, the filing fee for a Section 2254 petition is $5.00. Petitioner has attached his Inmate Trust Fund Account Statement, which states that as of January 28, 2013, Petitioner had a balance of $74.30. (Doc. No. 3 at 1). The Court finds that Petitioner has sufficient funds in which to pay the filing fee. The Court will therefore deny the motion to proceed in forma pauperis.

## I. BACKGROUND

    Petitioner is a prisoner of the State of North Carolina who, on or about May 25, 1988, in Catawba County Superior Court, was convicted after a jury trial of first-degree murder and robbery with a dangerous weapon. Petitioner was sentenced to life imprisonment, plus forty years. Petitioner appealed and on September 5, 1991, the North Carolina Court of Appeals affirmed Petitioner's conviction and sentence. See State v. Tucker, 329 N.C. 709, 407 S.E.2d

805 (1991). On March 9, 1992, Petitioner filed a Section 2254 petition in this Court. See Tucker v. Pinion, 5:92cv26-GCM (W.D.N.C.). On May 12, 1993, the Court dismissed the petition without prejudice to Petitioner to file another Section 2254 petition after exhausting all state court remedies. (Id., Doc. No. 8).

On or about September 26, 2012, Petitioner filed a pro se motion for appropriate relief ("MAR") in Catawba County Superior Court. See (Doc. No. 1-4). The Court denied the MAR on or about October 12, 2012.[1] See (Doc. No. 1 at 9). On or about January 7, 2013, Petitioner filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals, which the Court of Appeals denied on January 22, 2013. See (Doc. Nos. 1-3; 1-6).

On February 12, 2013, Petitioner filed the instant Section 2254 petition, alleging the following grounds for relief: (1) the prosecutor withheld exculpatory evidence; (2) the prosecutor allowed the state's witnesses to commit perjury; (3) Petitioner was convicted based on a defective indictment; and (4) the state court lacked jurisdiction to sentence Petitioner for first-degree murder without alleging the essential and necessary elements of premeditation and deliberation.

II.     **STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

---

[1] Petitioner has not attached the denial of the MAR as an exhibit, but he asserts in his petition that the MAR Court denied the MAR on October 12, 2012.

## III. DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

As noted, the North Carolina Court of Appeals affirmed Petitioner's conviction and sentence on September 5, 1991. There is nothing in the record to indicate that Petitioner filed a petition for writ of certiorari with the North Carolina Supreme Court.[2] Therefore, Petitioner's case became final thirty-five days after the North Carolina Court of Appeals issued its September 5, 1991, opinion, i.e., on October 10, 1991. See 28 U.S.C. § 2244(d)(1)(A) (providing that judgment becomes final by conclusion of direct review or expiration of time for seeking such

---

[2] Furthermore, a search of the history of the direct appeal on Westlaw reveals no such finding.

review); see also N.C. R. APP. P. 32(b) (2012) (providing that, unless the court orders otherwise, the mandate issues twenty days after the North Carolina Court of Appeals' decision), and N.C. R. APP. P. 14(a) & 15(b) (2012) (stating that notice of appeal and/or petition for discretionary review must be filed within fifteen days after the issuance of the mandate).

Because Petitioner did not file the instant habeas petition until February 12, 2013, the petition is clearly time-barred. Furthermore, the filing of any motions after the one-year limitations period had already run did not revive the already expired one-year period of limitation. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

In the section of the petition regarding timeliness, Petitioner offers two bases for his assertion that the Section 2254 petition is timely. First, Petitioner contends that the petition is timely because "the one-year statute of limitations does not apply to a death sentence." (Doc. No. 1 at 13). Next, Petitioner argues that his petition is timely under Jimenez v. Quarterman, 555 U.S. 113 (2012), in which the Supreme Court held that where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has sought federal habeas relief, the judgment is not final until the conclusion of the out-of-time direct appeal, or the expiration of time for seeking certiorari review of the appeal. (Id. at 14). Neither of Petitioner's timeliness arguments has merit.

First, with respect to Petitioner's argument about death sentences, Petitioner received a life sentence, not a death sentence. In any event, the one-year limitations period under Section 2254(d) applies to petitioners who received a sentence of death.[3] Next, Jimenez does not apply

---

[3] In capital cases, for states that comply with certain conditions, federal law sets forth expedited

because no state court ever found that Petitioner was entitled to an out-of-time direct appeal. Neither the MAR filed with the Catawba County Superior Court on September 26, 2012, nor the petition for writ of certiorari filed with the North Carolina Court of Appeals on January 7, 2013, constituted an out-of-time direct appeal within the meaning of Jimenez.

In sum, Petitioner has not shown that his Section 2254 petition is timely. Furthermore, Petitioner has presented no grounds for equitable tolling, and the Court finds none. Therefore, the petition must be dismissed as untimely.

**IV. CONCLUSION**

For the reasons stated herein, Petitioner's Section 2254 motion is untimely, and the petition will therefore be dismissed.[4]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2254 motion, (Doc. No. 1), is **DENIED** and petition is **DISMISSED**.

2. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of

---

procedures for review, including a 180-day period within which the petition for habeas corpus relief must be filed in federal court. See, e.g., 28 U.S.C. § 2263(a); see also Calderon v. Ashmus, 523 U.S. 740 (1998). Proceedings involving other states are governed by different provisions, which include the one-year limitations period under 28 U.S.C. § 2244(d)(1).

[4] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because Petitioner addressed the statute of limitations issue thoroughly in his Section 2254 petition.

appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge